IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00307-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ABRAHALE DENDANA,
2. AHMEDIN MOHAMED,
3. BEGASHAW YIRDAW, and
4. ANWAR YUSUF,

    Defendants.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

The matter is before me on the Second Unopposed Motion for an Ends of Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 67], wherein defendant Anwar Yusuf requests that the Court exclude another 90 days from the Speedy Trial period. The United States does not oppose the motion. Docket No. 67 at 4. Moreover, defendants Mohamad and Yirdaw do not oppose the motion. *Id.*

On October 28, 2016, the Court granted Mr. Yusuf's first motion for an ends of justice continuance. *See* Docket No. 66. The trial in this matter is set for February 13, 2017.

Mr. Yusuf's motion is based on the need for defense counsel to review discovery that the government produced on November 18, 2016 and December 23, 2016. The government produced 150 pages of FBI reports on November 18 and produced 100 pages and numerous audio and video files on December 23. Docket No.

67 at 2.  The audio and video files are approximately ten hours in length.  *See* Docket No. 81 at 1-2.  Moreover, the government expects to produce pen register data for six telephones and three terabytes of information regarding forensic data storage devices in the near future.  *Id*. at 2.

The indictment charges the defendants with various counts related to the distribution and/or possession with the intent to distribute Khat, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and Title 18 U.S.C. § 2.

Defendant Yusuf's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions.  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C.

§ 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

- (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

- (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

- (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

- (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time

> necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of an additional 90 days is justified and is necessary to allow defense counsel adequate time to review the discovery and to discuss it with their clients.

I find that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 90 days from January 26, 2017 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that defendant Anwar Yusuf's Second Unopposed Motion for an Ends of Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 67] is **GRANTED**.  It is further

2. **ORDERED** that pretrial motions shall be filed by April 3, 2017 and responses to these motions shall be filed by April 17, 2017.  It is further

3. **ORDERED** that the Trial Preparation Conference currently scheduled for February 10, 2017 at 11:00 a.m., as well as the trial, currently scheduled to begin on February 13, 2017 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be rescheduled for **June 2, 2017 at 10:00 a.m.** and the trial reset for **June 5, 2017 at 8:00 a.m.** for eight days.  It is further

4.  **ORDERED** that an additional 90 days from January 26, 2017 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED January 17, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge