IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00307-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ABRAHALE DENDANA,
2. AHMEDIN MOHAMED,
3. BEGASHAW YIRDAW, and
4. ANWAR YUSUF,

    Defendants.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

This matter comes before me on the Third Unopposed Motion for an Ends of Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 90] and the Unopposed Motion for an Ends of Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 92], wherein defendants Anwar Yusuf and Ahmedin Mohamed request that the Court exclude another 90 days from the Speedy Trial period. The United States does not oppose the motions. Docket No. 99 at 5. Defendant Yirdaw has filed a notice of disposition. Docket No. 87. Defendant Dendana did not respond to the motions.

On October 28, 2016, the Court granted Mr. Yusuf's first motion for an ends of justice continuance, excluding 90 days. *See* Docket No. 66. On January 17, 2017, the Court granted Mr. Yusuf's second motion for an ends of justice continuance and excluded 90 days from the speedy trial period. *See* Docket No. 83. The trial in this

matter is currently set for June 5, 2017. *Id*. at 5. Based upon Mr. Dendana's initial appearance on October 3, 2016 and the previous two exclusions of time, I find that there are 62 days left in the Speedy Trial Act period.

Mr. Yusuf's and Mr. Mohamed's motions are based on the need for defense counsel to review a very large amount of electronic discovery that the government made available in late March 2017, consisting of 1.8 terabytes of data. Docket No. 90 at 2; Docket No. 92 at 1. This is a portion of the discovery referred to in my January 17, 2017 ends of justice order. Docket No. 83 at 2.

The indictment charges the defendants with various counts related to the distribution and/or possession with the intent to distribute Khat, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and Title 18 U.S.C. § 2.

The motions implicate the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motions implicate 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in

ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

3

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of an additional 90 days is justified and is necessary to allow defense counsel for Mr. Yusuf and Mr. Mohamed adequate time to review the new discovery and to discuss it with their clients.[1]

I find that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under

---

[1] New counsel recently entered an appearance for Mr. Mohamed and previous counsel withdrew. This order does not take into account the time new counsel may need to become familiar with previously produced discovery.

4

18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)  That, even considering due diligence of defense counsel, failure to grant the motions would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 90 days from April 26, 2017 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motions outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that defendant Anwar Yusuf's Third Unopposed Motion for an Ends of Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 90] and Ahmedin Mohamed's Unopposed Motion for an Ends of Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Docket No. 92] are **GRANTED**.  It is further

2.  **ORDERED** that pretrial motions shall be filed by June 30, 2017 and responses to these motions shall be filed by July 14, 2017.  It is further

3.  **ORDERED** that the Trial Preparation Conference currently scheduled for June 2, 2017 at 10:00 a.m., as well as the trial, currently scheduled to begin on June 5, 2017 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be rescheduled for **September 1, 2017 at 10:00 a.m.** and the trial reset for **September 5, 2017 at 8:00 a.m.** for eight days.  It is further

4.  **ORDERED** that an additional 90 days from April 26, 2017 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED April 12, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge